JUDGE CROTTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

E. GLUCK CORPORATION,                    :

08 CV 03090

                          Plaintiff,       :          **COMPLAINT**

             v.                            :

THE NOW PROJECT, LLC and                 :
ROBERT JONATHAN RICHMAN,

                                           :
                          Defendants.

-----------------------------------------------------X

RECEIVED
MAR 26 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, E. Gluck Corporation, by and through its undersigned counsel, for its

Complaint against defendants The Now Project, LLC and Robert Jonathan Richman

states and alleges as follows:

1.     This is a case of trademark infringement and unfair competition under the
       Lanham Act, 15 U.S.C. § 1051 et seq.

## THE PARTIES

2.     Plaintiff E. Gluck Corporation ("Gluck" and/or "plaintiff") is a New York
       Corporation having a principal place of business in Long Island City, New York.

3.     Plaintiff is one of the largest watch companies in the United States. As part of its
       business, plaintiff creates, designs and has manufactured for sale watches and
       bracelets of all kinds and types which it sells under various trademarks. The
       trademarks owned by plaintiff include the NOW trademark at issue herein. A
       color copy of a recent advertisement of plaintiff's NOW branded watches is
       attached hereto as **Exhibit A.**

4.     In addition to watches, plaintiff also sells jewelry to be worn on the wrist,

including bracelets, and has sold bracelets under its NOW trademark, and in association with its NOW branded watches. Photographs of watch and bracelet combination products sold under the NOW mark are attached hereto as **EXHIBIT B.**

5.    Plaintiff's NOW trademark is the subject of a valid United States Trademark Registration, first registered in the 1980's, and over the last twenty-two (22) years, plaintiff has extensively advertised and promoted its NOW branded products and has achieved substantial commercial success selling products under the NOW trademark.

6.    Upon information and belief, defendant The Now Project, LLC ("TNP") is a California corporation.

7.    Upon information and belief, TNP has distributed products through licensees and/or authorized agents or retailers via the Internet, and has directed sales of products to persons residing in New York.

8.    Upon information and belief, defendant Robert Jonathan Richman ("Richman") is an individual residing in Venice, California.

9.    Upon information and belief, Richman is the owner of TNP, and has distributed products through licensees and/or authorized agent or retailers via the Internet, and has directed sales to persons residing in New York.

10.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 et seq. (the Lanham Act) and 28 U.S.C. §§1331, 1332, 1338 and 1367.

11.    Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PLAINTIFF'S BUSINESS AND TRADEMARK RIGHTS

12.    Plaintiff has been manufacturing and selling watches nationwide since 1956. At present, plaintiff is one of the largest manufacturers and wholesale merchants of watches in the United States.

13. For over twenty years, and since 1986, plaintiff has continuously marketed and sold watches under its NOW trademark. Plaintiff's NOW branded watches have been, and continue to be, sold nationwide to the public through thousands of retailers and on the Internet.

14. Prior to 2004 and continuously thereafter, plaintiff has marketed and sold bracelets under its NOW trademark. Such bracelets have been sold, and continue to be sold, nationwide to the public through thousands or retailers and on the Internet.

15. In accordance with the provisions of the Lanham Act, plaintiff has registered its NOW trademark in the United States Patent and Trademark Office and is the owner of the United States Trademark Registration No. 1,446,294 for watches in International Class 14. International Class 14 includes both watches and jewelry.

16. Plaintiff's United States Trademark Registration is now an "incontestable" trademark registration. A copy of plaintiff's Registration Certificate is attached hereto as **Exhibit C**.

17. This Registration constitutes *prima facie* evidence of plaintiff's ownership of the NOW trademark in Class 14 (including watches and jewelry) and of Plaintiff's exclusive right to use this mark.

18. By reason of the activities described herein, plaintiff owns valuable goodwill associated with the trademark NOW in the United States.

## DEFENDANTS INFRINGING ACTIVITIES

19. Upon information and belief, and without plaintiff's knowledge, permission or consent, in or about August 2004, defendant Richman designed, had manufactured and distributed in commerce what defendant describes as "the NOW watch bracelet."

3

20.   Upon information and belief, "the NOW watch bracelet" is a non-functional watch, i.e., it appears to be a watch and is worn on the wrist but does not actually tell time.  A photograph of Richman's NOW watch bracelet is attached hereto as **Exhibit D**.

21.   Upon information and belief, notwithstanding the fact that the subject product does not actually tell time, defendants Richman and TNP often market the NOW watch bracelet as a watch.   For example, a Google search of the combined terms "now" and "watch" discloses on the very first result page a Website advertising the defendants product as the "NOW Watch" without any mention of the fact that it is actually a "bracelet."  Moreover, directly alongside the advertisement and photo of the defendant's product is an advertisement for RADO brand designer watches. A copy of this advertisement is attached hereto as **Exhibit E.**

22.   Upon information and belief, and once again without plaintiff's knowledge, permission or consent on or about July 5, 2005, defendant Richman submitted an application to register the trademark NOW in the United States Patent and Trademark Office.

23.   The Trademark Office initially rejected Richman's application for among other reasons that such registration and use would create a likelihood of confusion with plaintiff's incontestable mark.

24.   Richman made various arguments in an attempt to overcome the Trademark Office's initial rejection.  One of the arguments that Richman made was that plaintiff's rights "are strictly limited to watches."

25.   On or about October 2, 2007, the Trademark Office granted defendant's application for registration and issued Reg. No. 3,301,750 for the trademark NOW in International Class 14 for a "Bracelet having the appearance of a watch."

26.   On or about December 13, 2007, Richman assigned said registration to TNP,

and TNP is now the registered owner of said mark.

<u>COUNT I</u>
(Trademark Infringement Under The Lanham Act)

27.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.  This Count arises under Section 32 of the Trademark Act of 1946, as amended, 15 U.S.C. §1114(1).

29.  The unauthorized use, advertising, promotion, and registration of the mark "NOW" by defendants Richman and TNP is likely to cause confusion, or to cause mistake, or to deceive, purchasers in relation to plaintiff's identical "NOW" trademark.

30.  The activities of the defendants complained of herein constitute infringement of plaintiff's federally registered "NOW" trademark.

31.  Plaintiff has provided notice to defendants that their use and registration of the NOW mark violates plaintiff's rights.  Nevertheless, the activities of the defendants have continued in spite of their knowledge that the use of the "NOW" name was in direct contravention of plaintiff's proprietary rights.

32.  Upon information and belief, defendants have in the past, and continue to, deliberately and intentionally advertise, promote, distribute and sell products under the name "NOW" to the purchasing public in order to cause said confusion, mistake or deception as to the source of its goods.

33.  Defendants are not and have never been authorized or licensed by plaintiff, nor have defendants ever received permission from plaintiff to manufacture, advertise, promote, distribute or sell products under the "NOW" name.

34.  By reason of defendants' acts alleged herein, plaintiff has been damaged and unless defendants are restrained from continuing their wrongful acts, the damage

to plaintiff, which is irreparable, will increase.   The monetary damages to plaintiff will be, unless defendants ceases their wrongful acts, in excess of $150,000.

35.  Plaintiff has no adequate remedy at law.

## COUNT II
### (Unfair Competition under the Lanham Act)

36.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.  This Count arises under Section 43 of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a).

38.  By reason of the foregoing acts of the defendants as alleged herein, defendants have falsely described, represented, and designated the origin of their products.

39.  These activities are likely to cause and have caused confusion amongst the public, and are likely to deceive and have deceived customers concerning the source of the products supplied by the defendants.

40.  Plaintiff has no control over the quality of the defendants products that are promoted, advertised, and sold under such false and misleading designation of origin, with the result that plaintiff's valuable goodwill in its "NOW" mark is being damaged.

41.  Upon information and belief, defendants will continue to make such false designations of origin for and in connection with its products unless restrained by this Court.

42.  By reason of the foregoing acts of defendants, as alleged herein, plaintiff is suffering irreparable harm and has been damaged.   Since it has no adequate remedy at law, plaintiff seeks a permanent injunction enjoining defendants from promoting, advertising, distributing and selling any products under the "NOW" name, together with damages in an amount thus far not determined, but which is likely, if defendants do not cease their activities, to be in excess of $150,000.

## COUNT III
### (Unfair Competition Under New York Law)

43.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.  This Count is for Unfair Competition under New York General Business Law.

45.  By reason of the foregoing acts of the defendants as alleged herein, there exists a likelihood of injury to the reputation and valuable goodwill of plaintiff.  The nature and quality of the products which defendants advertise and sell under the "NOW" name do not meet the high quality standards established by plaintiff for its products, which are identified with the distinctive "NOW" mark.

46.  Defendants have unlawfully used plaintiff's trademark which has created a likelihood of confusion and mistake on the part of the public as to the source or origin of the products supplied by the defendant.

47.  Defendants actions have caused, and are likely to continue to cause, plaintiff's customers to be misled into believing that defendants are licensed, sponsored by, associated, or connected with plaintiff.

48.  Defendants conduct, as set forth herein, constitutes unfair competition under New York law.

49.  Plaintiff is suffering irreparable harm and damage as a result of the acts of defendant as alleged herein.   Since it has no adequate remedy at law, plaintiff seeks a permanent injunction enjoining defendants from promoting, advertising, distributing and selling any products under the "NOW" name, together with damages in an amount thus far not determined, but which is likely, if defendants do not cease their activities, to be in excess of $150,000.

WHEREFORE, Plaintiff prays for the following relief:

(1)     That defendants, their directors, officers, agents, servants, employees, attorneys, representatives, successors and assigns, and all those acting in active concert or participation with them, each and all of them, be enjoined and restrained, during the pendency of this action and permanently, from engaging in or performing any and all of the following:

    (A)     Directly or indirectly infringing plaintiff's "NOW" trademark in any manner, including generally, but not limited to, advertising, promoting, distributing and selling products which bear terms which infringe said trademarks and specifically, using or displaying the name or mark "NOW" or any other names or marks confusingly similar to plaintiff's registered trademark, "NOW", as a trade mark, service mark, trade name or part thereof, alone or in combination with other words, symbols, styles, titles or marks in connection with the advertising, distribution and sale of products.

    (B)     Using any designation, trademark, trade name, logo or design that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, defendants' customers, or members of the public into believing that unauthorized products promoted, advertised or offered by defendants originate from plaintiff, or that said products have been sponsored, authorized or licensed by or associated with plaintiff or is in some way connected or affiliated with plaintiff.

(C)     Otherwise infringing plaintiff's "NOW" trademark or competing

unfairly with plaintiff in any manner or damaging Plaintiff's

respective goodwill, reputation or business; and

(2)     That defendant's United States Trademark Registration for the trademark

NOW in International Class 14 be cancelled, and that defendant's be

prohibited from registering the mark "NOW" or any variation thereof.

(3)     That defendants be required to deliver up for destruction all products,

promotional material, boxes, labels, packages, containers and all other

materials bearing the name or mark "NOW", together with all means,

including plates, molds, matrixes etc. for making or reproducing the same

pursuant to 15 U.S.C. § 1118 and the common law.

(4)     That damages be awarded to plaintiff in the full amount plaintiff has

sustained as a consequence of defendant's acts, together with any and all

profits of defendants which are attributable or arise out of or from such

wrongful acts or infringements.

(5)     That plaintiff recover from defendant all of its litigation expenses, including

reasonable attorney fees and costs pursuant to 15 U.S.C. §1117 and all

other applicable laws.

(6)    That plaintiff have such other, further or additional relief as this Court may

deem just and proper.

Respectfully submitted,
GOTTLIEB, RACKMAN & REISMAN
Attorneys for Plaintiff

DATED:        March 26, 2008

Richard S. Schurin (RS 0199)
270 Madison Ave.
New York, N.Y. 10016
(212) 684-3900

# EXHIBIT A



OFF
$45
REG. $60
050-VAR

DIAMOND
ON DIAL

6 GENUIN
SWAROVS
CRYSTAL

*rate!*

# EXHIBIT B



Crystaliz
with
Swarovski

Quartz
Accurate



Crystalliz
with
Swarovski
Mother Of
Pearl Dial

Quartz
Accurate



Crystalize.
wlth
Swarovskl

Quartz
Accurate







# EXHIBIT C

Int. Cl.: 14

Prior U.S. Cl.: 27

## United States Patent and Trademark Office

Reg. No. 1,446,294
Registered July 7, 1987

### TRADEMARK
### PRINCIPAL REGISTER

## NOW

E. GLUCK CORPORATION (NEW YORK COR-
PORATION)
29-10 THOMSON AVENUE
LONG ISLAND CITY, NY 11101

FOR: WATCHES, IN CLASS 14 (U.S. CL. 27).

FIRST USE 9-16-1986; IN COMMERCE
9-16-1986.

SER. NO. 628,672, FILED 11-5-1986.

C. A. SIDOTI, EXAMINING ATTORNEY

# EXHIBIT D

# EXHIBIT E

**this** next

now watch

**Search**

Home    New Products    What's Popular    Watch People Shop    Spring Shopping Guide

# NOW Watch



**Related Products**



Rados Up To 56% Off →☞
Designer Watches 1-866-843-9282 Free Shipping + Free Luxury Watch!
TheWatchery.com/Rados

Like it? Tell us what you think.

Want it? Add it to your wish list.

Ads by Google

**Buy at...**

elevatefilms.com

**Share this product**

email        blogit

**Advertisement**



VACATION MOMENTS Cont

Camping a
Yellowstone

**Related Product Lists**

1-3 of 3 Lists


**New York Survival Guide**
by Nicole


**fashion**
by joe
attire clothes dress fashion


**Timing is Everything**
by Kristine

1-3 of 3 Lists

**Related Product Categories**

- air 5930
- accessories 5477

## First to Recommend


**Nicole** (Recommendations made: 166)
Add to my friends | Give a compliment
Updated Jun 11, 2007

It's a watch. No it's a cuff. No it's a statment. Really, it's all three and I like it. I guess you could say this is a ThisNext exclusive since no one has heard of the NOW watch, yet.

Morgan, the designer, wears it very well but I was a touch skeptical as to how it would look on a female arm so we put it on Fashion Kitty. The response was, and I quote, "Bomb Ass."

I agree.

Business Owners    FAQ    Blog    Shopcast    About Us    Contact ThisNext.com    Newsletter    Privacy Policy    Terms of Use